IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NELLY ALMANZA DE LEON,   Civil Action File No.

      Plaintiff,

v.

WAL-MART STORES EAST, LP,
and WAL-MART STORES, INC.,

      Defendants.

_____/

## NOTICE OF REMOVAL

COME NOW WAL-MART STORES EAST, LP and WAL-MART STORES, INC., by and through their counsel of record, within the time prescribed by law, and file this Notice of Removal, showing the Court as follows:

1.

The above-named Plaintiff filed suit against Defendants WAL-MART STORES EAST, LP and WAL-MART STORES, INC. in the State Court of Fulton County, Georgia, which is within the Atlanta Division of this Court. 28 U.S.C.A. § 90(a)(2). Said lawsuit is styled as above and is numbered as Civil Action File No. 21EV004482. Plaintiff's claims against Defendant include claims of negligence.

2.

Plaintiff filed the Complaint on or about July 29, 2021. Defendant

WAL-MART STORES EAST, LP and WAL-MART STORES, INC. received service of summons and a copy of the Complaint on August 2, 2021.

3.

Defendant WAL-MART STORES EAST, L.P. is a Delaware limited partnership, of which WSE Management, LLC is the only general partner, and WSE Investment, LLC is the only limited partner. The sole member of WSE Management, LLC and of WSE Investment, LLC is Wal-Mart Stores East, LLC, and the sole member of Wal-Mart Stores East, LLC is Walmart Inc., which was formerly known as WAL-MART STORES, INC. Walmart Inc. is a Delaware corporation with its principal place of business in the State of Arkansas, and it was not a citizen of the State of Georgia at the time of or immediately prior to the filing and service of this lawsuit or at any time thereafter. The principal place of business for all entities mentioned in this paragraph is 708 SW 8th Street, Bentonville, AR 72716.

4.

Nelly Almanza de Leon is a citizen of the State of Georgia.

5.

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, based on complete diversity of citizenship between Plaintiff and Defendants.

6.

Complete diversity of citizenship exists between Plaintiff and Defendants.

7.

Pursuant to the provisions of 28 U.S.C. § 1446, Defendants have attached as Exhibit "A" copies of all the pleadings that were provided to and served upon Defendants, including copies of all pleadings that have been filed to date in the State Court of Fulton County, Georgia for the above-styled case.

8.

Pursuant to 28 U.S.C. § 1446, Defendants are not required to file a removal bond.

9.

Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C. § 1446.

10.

Plaintiff NELLY ALMANZA DE LEON claims that, on January 19, 2020, she slipped and fell at the Walmart store located at 970 Mansell Road, Roswell, Fulton County, Georgia, 30076. (Complaint ¶ 6). The amount in controversy as to Plaintiff's claims exceed $75,000. In her Complaint filed on July 29, 2021,

Plaintiff claims she sustained "bodily injury, **continues** to endure physical and mental pain and suffering, and **continues** to incur medical expenses and lost wages and other damages to be proven at trial." (Complaint ¶ 15) (emphases added). Plaintiff left the Complaint silent as to Plaintiff's specific injuries and the amounts of her claimed special damages, but, prior to filing the Complaint, Plaintiff provided a detailed demand with medical records on July 30, 2020, that provided many of those details **as of July 30, 2020**. (Exhibit "B," Plaintiff's Demand with Medical Records at 1). As of July 30, 2020 (a little more than 6 months after her incident), Plaintiff alleges she already accrued **$45,568.97** in medical expenses for the following injuries:

- Disc bulges extending into the foramina at L3-L4 and L4-L5
- Segmental and somatic dysfunction of cervical region
- Segmental and somatic dysfunction of thoracic region
- Segmental and somatic dysfunction of lumbar region
- Cervicalgia
- Lumbago
- Thoracic back pain

- Rotator cuff syndrome of right shoulder
- Rotator cuff impingement syndrome of right shoulder
- Right wrist pain, contusion, and effusion
- Right hand pain
- Right shoulder pain and sprain
- Right forearm pain
- Right knee pain and contusion
- Contracture of muscle, multiple sites
- Nausea
- Dizziness and giddiness
- Difficulty sleeping
- Acute post-traumatic headache, intractable

(Ex. B, Demand at 4-8). As stated above, according to her Complaint—which was filed on almost a year to the day **after** her demand—as of July 29, 2021, Plaintiff **continues** to accrue medical expenses, lost wages, and other expenses, and **continues** to endure physical and mental pain and suffering. (Complaint ¶ 15). Accordingly, Plaintiff's alleged medical specials are **greater than $45,568.97 and**

**still increasing as of July 29, 2021**.

"**Complaints alleging serious, lasting physical injuries are typically removable because it is facially apparent that these claims are worth more than $75,000.**" Hickerson v. Enterprise Leasing Company of Georgia, LLC, 818 Fed.Appx. 880, 883 (11th Cir. 2020) (emphasis added) (citing Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000)(concluding that plaintiff's unspecified damages, including permanent disfigurement as well as pain and suffering, satisfied the "facially apparent" inquiry); Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (holding that plaintiff's alleged damages for property damage, travel expenses, an emergency ambulance trip, a stay in the hospital, and pain and suffering met the jurisdictional amount)).  See also Hoskins v. Wal-Mart Stores East, L.P., Case No. 1:21-CV-00249-ELR (N.D. Ga. June 17, 2021) (attached as Appendix "A"); Roe v. Michelin North America, Inc., 613 F.3d 1058 (11th Cir. 2010).  Here, Plaintiff alleges serious, lasting physical injuries.  Indeed, in Plaintiff's medical records, **Plaintiff claims she has permanent impairment**.  (Ex. B, Demand at 137-138).

Additionally, Plaintiff has shielded from the Court several items of special damages already allegedly incurred: Past medical expenses and lost wages.  For the

first 6 months or so, Plaintiff detailed in her demand that she allegedly incurred $45,568.97 in medical expenses, but, even though she asserts in her Complaint that she continues to incur medical expenses as of July 29, 2021, Plaintiff fails to provide any information as to the amount of medical expenses she has incurred <u>for the year between the date of her demand and the filing of her Complaint</u>. Likewise, Plaintiff has never provided information as to her lost wages, but she claimed that she lost wages in her demand and she claims in her Complaint that she <u>continues</u> to lose wages a year later—**which represents potentially a year-and-a-half of wages**. (Ex. B, Demand at 9; Complaint ¶ 15).   Though she was required by O.C.G.A. § 9-11-9.1 to specially plead the amount of those past medicals and lost wages, Plaintiff failed to do so.

A diverse plaintiff cannot "defeat federal jurisdiction simply by drafting his pleadings in a way that did not specify an approximate value of the claims and thereafter provide the defendant with no details on the value of the claim."   <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 754 (11th Cir. 2010).   For instance, where a plaintiff alleges that she has incurred special damages but does not allege those special damages with specificity in the complaint (as plaintiffs are required to do under O.C.G.A. § 9-11-9.1), a federal court may consider the withholding of that

Page 7

information to be an attempt to gain a tactical advantage by shielding plaintiff's case from removal to federal court.  Peters v. Wal-Mart Stores East, LP, No. 1:13-CV-76 (WLS), 2013 WL 4647379, at *2 (M.D. Ga. Aug. 29, 2013).   Thus, as in Peters, the Court should consider these omissions to be an effort by Plaintiff to gain a tactical advantage by attempting to shield her claim from federal court jurisdiction, and hold that such "shielding" supports a finding that the amount in controversy exceeds $75,000.

On top of these special damages, Plaintiff also seeks general damages for past and continuing physical and mental pain and suffering.  (Complaint ¶ 15). Defendant respectfully submits that, in light of Plaintiff's alleged serious, lasting physical injuries and permanent impairment, for which Plaintiff has allegedly incurred **greater than $45,568.97** in past and continuing medical expenses, and an untold amount of past and continuing lost wages that could be as much as a year-and-a-half worth of lost wages and growing, and request for general damages for past and continuing pain and suffering, judicial experience and common sense dictate that the jurisdictional amount is satisfied.

Such a finding is buttressed by Plaintiff's detailed settlement demand for $137,600.  (Ex. B, Demand at 11).  Pre-suit settlement demands that are an honest

assessment of damages constitute some evidence from which this Court may determine the amount in controversy exceeds $75,000. Carrington v. Bausch & Lomb, Inc., Civil Action No. 1:07-cv-128-TCB, 2007 WL 9703172, at *2-3 (N.D. Ga. Mar. 8, 2007) (considering a pre-suit settlement demand, and discussing the flaws in contrary opinions). Here, with a detailed discussion of diagnoses and treatments, and 167 pages of medical records attached, Plaintiff's pre-suit demand is clearly Plaintiff's honest assessment of damages from the Plaintiff's perspective, and this demand should be considered by the Court as supporting federal jurisdiction.

Confronted with similar facts (and, sometimes, less compelling facts), Georgia federal courts, including courts in the Northern District, have found that the amount-in-controversy requirement was met. Lewis v. Wal-Mart Stores Inc. et al., Civil Action No. 1:16-CV-01558-CAP, at 2-3 (N.D. Ga. July 1, 2016) (attached as Appendix "B") (applying judicial experience and common sense to find amount in controversy exceeded $75,000 where plaintiff sought "at least $21,132.58 in past medical expenses," pain and suffering, loss of enjoyment of life, emotional distress, and costs); Devezin et al. v. Wal-Mart Stores East, LP, Civil Action No. 1:14-cv-03721-CAP, at 2-3 (N.D. Ga. Feb. 20, 2015) (attached as Appendix "C") (applying

Page 9

judicial experience and common sense to find amount in controversy exceeded $75,000 where plaintiff alleged "serious injuries" with over $30,000 past medical expenses at the time the complaint was filed, and sought compensation for unspecified future medical expenses, unspecified past and future lost wages, past, present, and future pain and suffering, punitive damages, and attorney fees); Hickerson, 818 Fed.Appx. at 884 (affirming district court's application of judicial experience and common sense to find amount in controversy exceeded $75,000 where plaintiff alleged "serious and long-lasting" injuries with over $25,000 past medical expenses, and sought compensation for unspecified future medical expenses, and pain and suffering); Peters, 2013 WL 4647379, at *1-3 (applying judicial experience and common sense to find amount in controversy exceeded $75,000 where plaintiff alleged "permanent injuries" with over $37,305.22 in past medical expenses plus an unspecified additional amount of past medicals already incurred, and sought compensation for unspecified future medical expenses, and pain and suffering); Perkins v. Lonero-Deck, Civil Action No. 3:08-CV-00022-JTC, 2008 WL 11337994, at *1-2 (N.D. Ga. July 28, 2008) (finding amount in controversy exceeded $75,000 where plaintiff alleged "permanent disability" with past medical specials "to date in excess of $30,000.00", and sought compensation

for "undetermined damages for over two years of lost wages, as well as future medical costs and permanent disability"); <u>Purdiman v. Organon Pharmaceuticals USA, Inc.</u>, Civil Action No. 2:08-CV-0006-RWS, 2008 WL 686996, at *2 (N.D. Ga. Mar. 12, 2008).

For these reasons, in this case, the amount in controversy, exclusive of interest and costs, exceeds $75,000.

11.

A true and correct copy of the original Notice of Removal was filed with the Clerk of the State Court of Fulton County, Georgia, as required by 28 U.S.C. § 1446.

WHEREFORE, Defendants WAL-MART STORES EAST, LP and WAL-MART STORES, INC. pray that the above-captioned lawsuit be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

                              McLAIN & MERRITT, P.C.

                              /s/ Nicholas E. Deeb
                              Nicholas E. Deeb
                              Georgia Bar No. 117025
                              Attorney for Defendants
                              WAL-MART STORES EAST, LP
                              WAL-MART STORES, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA   30326-3240

(404) 266-9171
(404) 365-4514
(404) 364-3138 (Fax)
ndeeb@mmatllaw.com

    The undersigned counsel certifies that the foregoing Notice of Removal has been prepared with one of the font and point selections approved by the court in LR 5.1B.

                                               /s/ Nicholas E. Deeb
                                              Nicholas E. Deeb

## CERTIFICATE OF SERVICE

This is to certify that on August 20, 2021, I electronically filed a **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record.

                McLAIN & MERRITT, P.C.

                /s/ Nicholas E. Deeb
                Nicholas E. Deeb
                Georgia Bar No. 117025
                Attorney for Defendants
                WAL-MART STORES EAST, LP
                WAL-MART STORES, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA   30326-3240
(404) 266-9171
(404) 365-4514
(404) 364-3138 (Fax)
ndeeb@mmatllaw.com